IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 4, 2012

## JEREMY TAYLOR v. DWIGHT BARBEE, WARDEN

**Appeal from the Circuit Court of Lauderdale County**
**No. 6560     Joseph H. Walker, Judge**

**No. W2012-01007-CCA-R3-HC  - Filed December 13, 2012**

Jeremy Taylor ("the Petitioner") entered a guilty plea to charges of aggravated rape, aggravated robbery, aggravated kidnapping, and aggravated assault.  The Petitioner subsequently filed a petition for writ of habeas corpus, alleging that the speedy trial provisions of the Interstate Detainer Act were violated as to the Petitioner.  The habeas corpus court dismissed his petition without a hearing, finding that the Petitioner's claim did not render the judgments against him void.  The Petitioner now appeals.  After a review of the record and the applicable law, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ, joined.

Jeremy Taylor, pro se, Henning, Tennessee, as the appellant.

Robert E. Cooper, Jr., Attorney General and Reporter; and David H. Findley, Senior Counsel, for the appellee, State of Tennessee.

### OPINION

On April 7, 2004, the Petitioner entered a guilty plea to charges of aggravated rape, aggravated robbery, aggravated kidnapping, and aggravated assault.  As a part of the plea agreement, the Petitioner agreed to an effective sentence of twenty years. On April 19, 2012, the Petitioner filed the instant petition seeking habeas corpus relief contending that the State had violated the speedy trial provisions of the Interstate Detainer Act in its prosecution of the Petitioner's case.  The habeas corpus court summarily dismissed the Petition, finding that the Petitioner had failed to establish a claim that would render his judgments void.  The habeas

corpus court also noted that the Petitioner had failed to attach to his petition copies of the judgments entered against him. The Petitioner timely appealed to this Court.

## **Analysis**

On August 8, 2012, this Court issued an order requiring the Petitioner to file a brief by September 12, 2012, or the Court would dismiss the Petitioner's appeal. Instead of filing a brief, the Petitioner filed a document requesting this Court to treat his petition as his brief.

Tennessee Rule of Appellate Procedure 27(a) provides the proper guidelines for appellate briefs before this Court. Pursuant to this rule, appellants must include the following in their appellate briefs:

> (1) A table of contents . . . ; (2) A table of authorities . . . ; (3) A jurisdictional statement in cases appealed to the Supreme Court . . . ; (4) A statement of the issues presented for review; (5) A statement of the case . . . ; (6) A statement of facts . . . ; (7) An argument . . . ; [and] (8) A short conclusion.

Id.

A review of the petition demonstrates that it clearly fails to satisfy the requirements of Rule 27(a), even when we liberally construe those requirements for the Petitioner because the Petitioner is proceeding *pro se*. Therefore, in accordance with the order previously entered by this Court, we conclude that this appeal should be dismissed.

Moreover, even if we were to consider the appeal on the merits, we would affirm the summary dismissal by the trial court. The Petitioner clearly failed to comply with the strict procedural requirements for filing a meritorious petition for habeas corpus relief. Additionally, the Petitioner's claim regarding alleged violations of the speedy trial provisions of the Interstate Detainer Act, at most, would render his convictions voidable, not void.

## Conclusion

Accordingly, for the reasons set forth above, the Petitioner's appeal is hereby dismissed.

_____
JEFFREY S. BIVINS, JUDGE

-2-